UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA        CASE NO: 8:25-cr-00011-KKM-NHA-2

v.

KODI GLENN SIMON

        Defendant,

## DEFENDANT'S MOTION TO SUPPLEMENT THE DEFENDANT'S MOTION TO DISMISS INDICTMENT WITH PREJUDICE

**COMES NOW**, Defendant, **KODI GLENN SIMON**, by and through his undersigned counsel, and moves this Court to supplement the motion dismiss with supplemental legal authority and argument that were inadvertently omitted.

**I.**

**II.    MEMORANDUM OF LAW**

**A. Double Jeopardy, Same Sovereign, and the Finality and Conclusiveness of Courts-Martial Findings.**

Congress has codified *Grafton*'s direction about "finality" in Article 76, UCMJ, 10 U.S.C. § 876. ". . . the proceedings, findings, and sentences of courts-martial as approved, reviewed, or affirmed as required by this chapter . . . are final and conclusive. Orders publishing the proceedings of courts-martial and all action taken pursuant to those proceedings are binding upon all *departments*, *courts*,

1

agencies, and officers of the United States . . . ." (emphasis added). The Military Judge granted the Government's motion to dismissal with prejudice and documented it as the "finding" on the Entry of Judgment. Exhibit (2). Under federal law, this finding is "final and conclusive" and binding upon both DOJ and this Court.

**B. Distinguishable cases allowing re-prosecution after withdrawn charges are inapplicable here.**

In *Soto v. Siefker*, 79 F.4th 715, 717-718 (6th Cir. 2023), involving state charges, a father plead guilty to child endangerment and the state agreed to dismiss involuntary manslaughter charges after the father accidentally ran over his toddler with a vehicle.  Neither the plea agreement nor the trial court's order dismissing the manslaughter charge indicated whether it was with or without prejudice. *Id.* at 720 (Griffin, C.J., concurring). After serving his prison sentence, the defendant went to the Sheriff's office and confessed to beating and torturing the child and staging the vehicle accident to cover up his crime. *Id.* at 717-718. The Sixth Circuit held that subsequent murder charges did not violate the Double Jeopardy Clause. *Id.* at 720.

**WHEREFORE**, Defendant, **KODI GLENN SIMON**, respectfully requests that this Court allow the defendant to supplement the motion dismiss with supplemental legal authority and argument that were inadvertently omitted and renews his motion dismiss the indictment with prejudice or, in the alternative, stay

2

proceedings pending military appellate review, and grant any further relief deemed just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been furnished by Electronic Delivery, on the above-named address this 12th day of May, 2025.

**/s/BRYANT R. CAMARENO**
**BRYANT R. CAMARENO, P.A.**
**Florida Bar No.: 048283**
**607 W. M.L.K. Boulevard**
**Tampa, Florida 33603**
**Tel: (813) 234-4759**
**Attorney for Defendant**
**Bryant@camarenolaw.com**

3