UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v. Case No. 8:25-cr-11-KKM-NHA

KATERI ANN SIMON and
KODI GLENN SIMON,

Defendants.

---

# ORDER

A grand jury indicted marine staff sergeant Kodi Simon and his wife, Kateri, for involuntary manslaughter after their daughter's death. Indictment (Doc. 1); *see* Resp. (Doc. 52). Kodi Simon moves to dismiss the indictment because, among other reasons, it violates the Double Jeopardy Clause in the light of his prior military prosecution. MTD (Doc. 49); Supp. Br. (Doc. 51). Because jeopardy did not attach to the involuntary manslaughter charge in Mr. Simon's military proceeding and his other arguments are unpersuasive, that motion is denied.

## I. BACKGROUND

According to the government, the Simons woke to find their two-year-old dead in her bedroom at MacDill Air Force Base on the Sunday after Thanksgiving, 2022. Resp. at 1. Before, the child had often escaped from the pack 'n play that she slept in. *Id.* at 2. After several failed attempts to keep her contained, the Simons had placed a twelve-pound play mattress atop the pack 'n play and put a suitcase on top of it—then filled that suitcase with fifty pounds of books. *Id.* at 2–3. At some point that night, the toddler squeezed her head over the pack 'n play's railing *Id.* at 4. Her neck became stuck between the railing and the mattress, pressed down by the book-laden suitcase. *Id.* at 4. Unable to extract herself or breath, she tragically died. *See id.*

The military preferred charges against Mr. Simon under the Uniform Code of Military Justice (UCMJ). *See* UCMJ art. 30, 10 U.S.C. § 830. The charges were child endangerment, *see* UCMJ art. 119b, 10 U.S.C. § 919b; negligent homicide, *see* UCMJ art. 134, 10 U.S.C. § 934; and involuntary manslaughter, *see* UCMJ art. 119, 10 U.S.C. § 919; *see also* Charge Sheet (Doc. 49-1) at 1–3. Under a plea agreement, Mr. Simon pleaded guilty to child endangerment. Plea Agreement (Doc. 49-2) at 2. In exchange, the military convening authority agreed to withdraw the other charges

and specifications and have them "dismissed without prejudice to ripen into prejudice upon completion of appellate review." *Id.* at 2–5.

A special court-martial entered judgment in accordance with the plea agreement. Judgment (Doc. 49-4) at 1. The court-martial then sentenced Mr. Simon to a bad-conduct discharge, a reduction from pay grade E-6 to E-3, and 12 months' confinement. *Id.* at 1–2. On automatic review, the appellate court affirmed. *See United States v. Simon*, No. 202400241 (N-M. Ct. Crim. App. May 16, 2025) (per curiam) (Doc. 53-1); *see also* UCMJ art. 65(b)(1), 66(b)(3), 10 U.S.C. §§ 865–66. Mr. Simon has roughly[1] sixty days from that decision to petition for review in the Court of Appeals for the Armed Forces. UCMJ art. 67(a)(3), (b), 10 U.S.C. § 867. Unless Mr. Simon petitions, his appellate review will be complete when that period expires.

[1] The UCMJ requires Mr. Simon to petition for review

> within 60 days from the earlier of (1) the date on which the accused is notified of the decision of the Court of Criminal Appeals; or (2) the date on which a copy of the decision of the Court of Criminal Appeals, after being served on appellate counsel of record for the accused (if any), is deposited in the United States mails for delivery by first-class certified mail to the accused at an address provided by the accused or, if no such address has been provided by the accused, at the latest address listed for the accused in his official service record.

UCMJ art. 67(b), 10 U.S.C. § 867.

After the court-martial entered judgment but before the appellate court affirmed, a grand jury indicted both Kodi and Kateri Simon for involuntary manslaughter under 18 U.S.C. § 1112. Indictment (Doc. 1). Mr. Simon moves to dismiss. MTD; *see* FED. R. CRIM. P. 12(b)(1).

## II. ANALYSIS

Mr. Simon contends that his indictment violates double jeopardy and due process and that preclusion principles bar his prosecution. For the reasons below, I disagree.

### A. Double Jeopardy

Mr. Simon's main argument is that the Double Jeopardy Clause bars his federal prosecution. MTD at 5–7. In his view, because both his military and civilian involuntary manslaughter charges are federal, the dismissal with prejudice of his military charge bars this federal civilian prosecution. *Id.* at 6–7.

The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. It "guarantees that the State shall not be permitted to make repeated attempts to convict the accused, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as

enhancing the possibility that even though innocent he may be found guilty." *Blueford v. Arkansas*, 566 U.S. 599, 605 (2012) (quoting *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 569 (1977)). While different sovereigns—for example, Florida and the United States—may each prosecute a person for the same offense, *see Gamble v. United States*, 587 U.S. 678, 681–82 (2019), the Double Jeopardy Clause prevents the United States from trying someone for the same offense in both military and civilian court, *see Grafton v. United States*, 206 U.S. 333, 351–52 (1907); *United States v. Rice*, 80 M.J. 36, 38 (C.A.A.F. 2020). Accordingly, "a conviction by court[-]martial would preclude a subsequent conviction in civilian court for the same offense." *Bartlett v. United States*, 475 F. Supp. 73, 75 (M.D. Fla. 1979).

Yet the Double Jeopardy Clause bars a future prosecution only once jeopardy has attached. Jeopardy usually attaches once "a defendant is 'put to trial before the trier of the facts, whether the trier be a jury or a judge.' " *Serfass v. United States*, 420 U.S. 377, 391 (1975) (quoting *United States v. Jorn*, 400 U.S. 470, 479 (1971)). For pretrial determinations, jeopardy attaches only if there has been some "risk of a determination of guilt." *Id.* at 391–92. Put differently, the judicial action must "represent[] a resolution, correct or not, of some or all of the factual elements of the

offense charged." *Martin Linen*, 430 U.S. at 571; *see United States v. Hill*, 643 F.3d 807, 866 (11th Cir. 2011).

Binding precedent teaches that jeopardy did not attach to the dismissal with prejudice of Mr. Simon's UCMJ charge. To start, I assume that Mr. Simon has not petitioned for review by the Court of Appeals for the Armed Forces, so the charge's dismissal will "ripen into prejudice" soon. Judgment at 1. Yet a dismissal with prejudice, by itself, is not enough to trigger the Double Jeopardy Clause unless that dismissal "represents a resolution . . . of some or all of the factual elements of the offense charged." *Martin Linen*, 430 U.S. at 571; *see United States v. Jordan*, 316 F.3d 1215, 1248 (11th Cir. 2003) (holding that jeopardy did not attach to a dismissal with prejudice for prosecutorial misconduct because the court did not resolve any factual question necessary for conviction); *United States v. Torkington*, 874 F.2d 1441, 1444 (11th Cir. 1989) (similar); *United States v. Stricklin*, 591 F.2d 1112, 1120 (5th Cir. 1979) [2] (holding that dismissal with prejudice for a speedy trial violation "did not invoke jeopardy"). Mr. Simon does not contend that the court-martial

[2] The Eleventh Circuit adopted as binding precedent all decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981. *See Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

adjudicated any fact necessary for conviction when it dismissed his involuntary manslaughter charge under his plea agreement. Nor does the record reflect such an adjudication. *See generally* Hr'g Tr. (Doc. 49-3). Jeopardy thus did not attach to his involuntary manslaughter charge, and the Double Jeopardy Clause does not bar this prosecution. *See United States v. Dionisio*, 503 F.3d 78, 79 (2d Cir. 2007); *see also Soto v. Siefker*, 79 F.4th 715, 719–20 (6th Cir. 2023).

To be sure, the Tenth Circuit in *United States v. Mintz* reached a different conclusion. 16 F.3d 1101 (10th Cir. 1994). *Mintz* concluded, without analysis, that jeopardy attaches to a count dismissed with prejudice, relying on Tenth Circuit precedent. *Id.* at 1103, 1106. But that precedent, *United States v. Holland*, dealt with the government's dismissal with prejudice of a count after an initial trial but before retrial and did not analyze whether jeopardy had attached under *Serfass* and *Martin Linen*. 956 F.2d 991, 991, 993 (10th Cir. 1992); *see also Dionisio*, 503 F.3d at 88 n.11 ("[T]he Tenth Circuit, in reaching this conclusion [in *Mintz*], mistakenly relied on what it thought was binding precedent, and so its holding was without any reasoned foundation."). *Holland* is uninstructive here, as Mr. Simon's involuntary manslaughter charge has never been presented to a factfinder.

Jeopardy did not attach to Mr. Simon's military involuntary manslaughter charge. Accordingly, the Double Jeopardy Clause does not bar Mr. Simon's civilian prosecution.[3]

**B. Preclusion**

Mr. Simon next argues that what he characterizes as "prosecutorial estoppel" bars his prosecution because "charges dismissed pursuant to a plea agreement cannot be reinstated unless the plea agreement explicitly allows for such action or the defendant breaches the agreement." MTD at 7. Put another way, he claims that the dismissal of the UCMJ involuntary manslaughter charge with prejudice precludes a similar civilian prosecution and that the government is bound by the plea agreement. Yet Mr. Simon fails to explain how a plea agreement that by its terms obligates only the military convening authority also precludes the U.S. Attorney's Office bringing his civilian prosecution. *See generally* Plea Agreement. He also fails to explain why the dismissal with prejudice of a charge under UCMJ art. 119, 10 U.S.C. § 919 bars a subsequent prosecution under 18 U.S.C. § 1112. *Cf. United States v. Brown*, 183

[3] Because I conclude that jeopardy did not attach in the military prosecution, I need not address Mr. Simon's argument that jeopardy's attachment to involuntary manslaughter under UCMJ art. 119, 10 U.S.C. § 919 would bar an 18 U.S.C. § 1112 prosecution under *Blockburger v. United States*, 284 U.S. 299 (1932). MTD at 10–12.

F.3d 1306, 1310 (11th Cir. 1999) ("[A]fter an indictment is dismissed either with or without prejudice, a defendant may be prosecuted for offenses that are separate and distinct from the offenses charged in the dismissed indictment, even if those offenses all arose out of the same underlying facts."); *Stricklin*, 591 F.2d at 1120.

In a supplemental filing, Mr. Simon argues that because UCMJ art. 76, 10 U.S.C. § 876 provides that "[o]rders publishing the proceedings of courts-martial and all action taken pursuant to those proceedings are binding upon all departments, courts, agencies, and officers of the United States," his indictment must be dismissed. Supp. Br. at 1–2. As noted above, Mr. Simon fails to explain why a dismissal with prejudice of a charge under UCMJ art. 119, 10 U.S.C. § 919 bars a subsequent prosecution under 18 U.S.C. § 1112, even if the dismissal of the UCMJ charge is "binding" upon this Court and the Justice Department.

Mr. Simon has not shown that preclusion principles bar this prosecution.

**C. Due Process**

Mr. Simon maintains that because he fully performed under his plea agreement, "reviv[ing]" the dismissed charges violates due process. MTD at 7–8. Though "[d]ue process requires the government to adhere to the promises it has made in a plea agreement," *United States v. Al-Arian*, 514 F.3d 1184, 1190 (11th Cir. 2008)

(per curiam), Mr. Simon does not show the government failed to do so here. Mr. Simon's plea agreement was between him and the convening authority—not the Justice Department. *See* Plea Agreement; *see also United States v. Puentes-Hurtado*, 794 F.3d 1278, 1284 (11th Cir. 2015) ("[T]raditional contract principles generally apply to plea agreements."); *Whetstone Candy Co. v. Kraft Foods, Inc.*, 351 F.3d 1067, 1073 (11th Cir. 2003) ("Generally, a contract does not bind one who is not a party to the contract."). The agreement obligated the convening authority to withdraw only the involuntary manslaughter and negligent homicide charges under the UCMJ, which it did. *See* Plea Agreement at 5; Hr'g Tr. at 48. Mr. Simon cites no authority suggesting that the convening authority's obligations should be imputed to the Justice Department, nor that the dismissal with prejudice of an involuntary manslaughter charge under the UCMJ bars a future involuntary manslaughter charge under Title 18.

Mr. Simon also contends that the indictment should be dismissed because his prosecution is vindictive, an argument that sounds in due process. MTD at 12–14. A prosecution is vindictive if it seeks "to punish a person for exercising his rights." *United States v. Barner*, 441 F.3d 1310, 1315 (11th Cir. 2006). Mr. Simon identifies no right that the government is punishing him for exercising. That his prosecution

may run afoul of the 1984 Memorandum of Understanding between the Department of Defense and the Justice Department is immaterial. Mr. Simon himself acknowledges that the Memorandum "does not confer any rights." MTD at 13; *see also* (Doc. 49-5) at 7 ("This memorandum is not intended to confer any rights.").

He thus fails to show that his prosecution is vindictive.

## III. CONCLUSION

Accordingly, the following is **ORDERED:**

1. Defendant Kodi Simon's Motion to Supplement the Defendant's Motion to Dismiss Indictment with Prejudice (Doc. 51) is **GRANTED.**
2. Defendant Kodi Simon's Motion to Dismiss (Doc. 49) is **DENIED**.

**ORDERED** in Tampa, Florida, on June 17, 2025.

Kathryn Kimball Mizelle
Kathryn Kimball Mizelle
United States District Judge